**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **Case No. 2:26-cr-113 (8)** |
| **vs.** | : | |
| **Michael A. Thomas,** | : | **Judge Edmund A. Sargus** |
| **Defendant,** | : | |

**DEFENDANT'S DEMAND FOR DISCOVERY AND REQUEST FOR NOTICE OF GOVERNMENT'S INTENTION TO USE EVIDENCE**

NOW COMES the Defendant, by and through the undersigned counsel, and respectfully moves this Honorable Court, pursuant to Rule 16 of the Fed.R. Crim.P., the Fifth and Sixth Amendments to the Constitution of the United States, and Brady v. Maryland, 373 U.S. 83 (1973); Giles v. Maryland, 386 U.S. 66 (1967); Giglio v. United States, 405 U.S. 150 (1972); United States v. Agurs, 427 U.S. 97 (1976); United States v. Valenzuela-Bernal, 458 U.S. 858 (1982); California v. Trombetta, 467 U.S. 479 (1984), and United States v. Bagley, 105 S. Ct. 3375 (1988) and their progeny, for an order directing the United States Attorney to produce and permit the Defendant to inspect, copy or photograph all physical evidence, Rule 16 material, and all exculpatory and/or impeaching material, and other information arguably favorable to the defense which is known to, or in the possession of, the government, or any of its agents, or through due diligence would become known from the investigating officers or agencies and from witnesses or persons having knowledge of this case.

The Defendant requests the following:

**1. Statements of Defendant – Rule 16(a)(1)(A).**

a. The Defendant requests production of any relevant written or recorded statements made by the Defendant; the substance of any oral statements which the government intends to offer in evidence at the trial made by the Defendant in response to interrogation by any person then known to the Defendant to be a government agent; and any recorded testimony of the Defendant before a grand jury which relates to the offenses charged.

b. The Defendant requests the summaries of any oral statements made by the Defendant to a government agent under any circumstances. United States v. Johnson, 525 F.2d 999, 1003-1004 (2d Cir. 1975), *cert. denied*, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975) (Lumbard, J.); United States v. Fallen, 498 F.2d 172 (8th Cir. 1974).

c. The Defendant requests any written or recorded statements made by the Defendant to third persons not government agents. d. The Defendant requests any oral statements made by the Defendant to third persons not government agents.

**2. Statements of Witnesses.**

a. Any and all statements of any potential government witness which are inconsistent, in whole or in part, with any of the statements made by the same witness or statements made by any other individual, Mills v. Scully, 653 F. Supp. 885 (S.D. N.Y. 1987).

b. Any change in the statement or story told by any government witness. Davis v. Floyd, 479 F.2d 446 (5th Cir. 1976). This is a continuing government obligation. Mills v. Scully, 653 F. Supp. 885 (S.D. N.Y. 1987). c. Any statements made by anyone which are inconsistent, in whole or in part, with any statement made by any government witness or other individual who has given written or oral statements relevant to the charges against the Defendant. Dennis v. United States, 384 U.S. 855, 873-874 (1966).

d. Grand jury transcripts of the testimony of all witnesses appearing before the grand jury and any tape recordings of such grand jury testimony. The production of the tape recording of any testimony is essential to the Defendant to insure the accuracy of the transcript and is the best evidence of the statement of witnesses.

**3. Impeachment Evidence of Witnesses.** As to all persons who will testify for the government in its case-in-chief or in rebuttal or whose testimony has been used before the grand jury to obtain the present indictment or whose sworn testimony or statements will be used in this trial, although the witness will not testify, the following specific and detailed information is requested: The existence and substance, the manner of execution or fulfillment, of any promises, agreements, understandings and arrangements, either verbal or written, expressed or implied, between the government and any prosecution witness or his/his attorney or representative. Defendant specifically requests any of the above wherein the government, either federal or state, has agreed, either expressly or implied, to do any or all of the following:

(a) not to prosecute the witness for any crime or crimes;

(b) not to prosecute any other person for any crime or crimes;

(c) to provide a formal grant of immunity, a formal agreement not to prosecute or to provide an informal assurance that the witness or any other person will not be prosecuted in connection with any testimony given by him; (d) to recommend leniency in sentencing for any crime or crimes for which he is convicted, or to reduce the number or kind of charges as to which a plea may be entered;

(e) to recommend or not to recommend a particular sentence for any crime or crimes for which he has been convicted; (f) to provide favorable treatment or consideration, that is, money or the like, to the witness himself or any other person in return for the witness' cooperation and/or testimony. United States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987), United States v. Hastings, 667 F. Supp. 886 (D.Mass. 1987);

(g) to make any other recommendation of any benefit, however slight, or to give any other consideration to the witness or any other person; (h) to reveal or disclose with particularity any and all agreements or understandings reached between the government and any persons, state or local political entity or investigative body in this case;

(i) to reveal and disclose any motions, or contemplated motions, for substantial assistance made by the government on behalf of any witness. See, U.S. Sentencing Commission, Guidelines Manual, section 5K1.1; (j) to reveal and disclose any motions, or contemplated motions, or contemplated argument, for an acceptance of responsibility reduction in his offense level. See, U.S. Sentencing Commission, Guidelines Manual, section 3E1.1;

(k) any and all threats, express or implied, made to the witness or any other person, including, but not limited to, the prosecution of friends or relatives of this witness, and/or to prosecute the witness or to seek a greater sentence after the witness did not cooperate;

(l) promising to appear or provide to any Court, parole board or other agency or person any information concerning the witness;

(m) any and all threats and/or promises concerning any condition of or term of confinement of the witness or any other person;

(n) any and all financial assistance provided to the witness or any other person, including, but not limited to, housing, medical, treatment, travel expenses, and physical, psychological or psychiatric treatment;

(o) any and all consideration and/or benefit given to the witness, or any other person by the government, including, but not limited to, new identity, relocation,

education and training;

(p) any and all agreements, whether express or implied, that the government will not pursue forfeiture proceedings against any property or portion of any property of any witness or other individual, or will limit the property forfeited;

(q) any payment made by the government to any witness in this case whether or not this payment was made in connection with this case. United States v. Shaffer, 789 F.2d 689 (9th Cir. 1986);

(r) any and all requests any government witnesses have made for consideration or benefit for the witnesses or made by the witnesses for someone else's benefit, whether or not such request has

been fulfilled by the government;

(s) any and all prior plea agreements between any witness and any government and/or State agency;

(t) any and all claims or bad acts committed by any witness, after he had entered into any plea agreement or cooperation agreement, formal and informal, with the government;

(u) any and all violations of any plea agreement and/or terms and conditions of the witness protection program and/or probation or parole by any government witness;

(v) any and all letters, memoranda or telephone calls made by the government on behalf of any witness to any state prosecutor, court, probation office, or prison authority;

(w) all incidents of misconduct by any government witness, including law enforcement officials. United States v. Morales-Kuimones, 812 F.2d 604 (10th Cir. 1987). All of the above requests should be revealed before trial. United States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987).

(x) any and all evidence or information which may be used to impeach any government witness or which may lead to evidence which might be used to impeach any government witness. See, e.g., Fed. R. Evid. 608;

(y) any and all evidence of the conviction of crime by any government witness. See, e.g., Fed. R. Evid. 609;

(z) any and all illegal and/or improper conduct, which any government witness has been charged with or which the government has knowledge of, including, but not limited to, the possession, distribution, or use of any controlled substances, tax evasion, perjury and false statements (see, e.g., 18 U.S.C. section 1001);

(aa) disclose the existence of any history of drug use, alcohol abuse, mental illness, incompetence or other physical, mental or emotional impairment. Defendant also requests any information concerning the hospitalization or treatment of any government witness for any drug use or physical, mental, or emotional condition. This is necessary to show how any of the above effects a witness' ability to perceive and understand events as they occur or to recall past events, identify a witness, their impairment, and any treating physician. United States v. Kaplan, 832 F.2d 676 (1st Cir. 1987);

(bb) the personnel file of any government agent who will testify in this case, which record contains admonishments, discipline, or any other notations concerning the agent’s carelessness and/or untruthfulness. This request also includes any opinion by any court or magistrate that any government agent has misled the court or has committed any kind of misconduct.

**4. Defendant's Prior Record – Rule 16(a)(1)(D).**

**5. Documents and Objects – Rule 16(a)(1)(E).** The Defendant requests that he be permitted to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or are within the possession, custody or control of the government,

and which are material to the preparation of the Defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the Defendant. This request includes, but is not limited to:

(a) any and all summary evidence to be introduced by chart, graph, exhibit or other means.

(b) any and all papers, documents, data, photographs, tangible objects, copies or portions thereof, relating to the entities described within the overt acts of the conspiracy count contained in the indictment.

(c) A copy of any and all tape recordings and witness statements the government intends to produce or offer as an exhibit at trial in this case or which otherwise includes exculpatory information dictating disclosure per Brady v. Maryland. Id.

(d) Copies of any and all documents, reports, or computations which the government intends to produce or offer as an exhibit at trial in this case.

**6. Reports of Examinations and Tests – Rule 16(a)(1)(F).** The Defendant requests that he be permitted to inspect and copy or photograph any results or reports or physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

a. The results of any and all physical, mental or scientific examinations which the government conducted in connection with this case concerning any government witness.

b. The results of any polygraph examinations of any government witness.

c. The results of any scientific tests or experiments on the authenticity of any documents.

**7. Miscellaneous Disclosure.**

a. Disclosure as to whether the government knows or has any reason to believe a material witness will be unavailable for trial. See United States v. Mendez-Rodriguez, 450 F. 2d 1 (9th Cir. 1971).

b. Any and all search warrants, arrest warrants, and affidavits relating to this case.

**8. Exculpatory Evidence as to Guilt or Punishment.** Any and all material known to the government, or which may become known, or which through due diligence may be learned from the investigating officers or the witnesses or the persons having knowledge of this case, which is exculpatory in nature, or arguably favorable to the accused, or which may lead to exculpatory or favorable material, or which might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses (see above), or instructions to government witnesses not to speak with or discuss the facts of this case with defense counsel, including, but not limited to, the following:

(a) copies of any and all indictments and convictions of government witnesses;

(b) copies of all plea agreements between any government witness and any federal or state agencies;

(c) all criminal information and charges relating to the above individuals;

(d) a list of all payments made to and things of value provided to any informant and/or government witness or to anyone on behalf of such witness by any agency of the United States Government or local agency and supporting documents evidencing same;

(e) a list of other crimes or "bad acts" committed or suspected to have been committed by any government witness;

(f) a list of all charges that are presently outstanding against any government witness or were outstanding at the time the witness decided to cooperate with the government;

(g) all potential charges against any government witness, including, but not limited to, tax evasion or failure to file tax returns, perjury or false statement/representations;

(h) a list of all property belonging to any government witness which is subject to forfeiture, whether or not such forfeiture proceedings have been instituted;

(i) any and all evidence, including, but not limited to polygraph results that would indicate a government witness is not telling the truth. Carton v. Rafferty, F.2d 1299 (3rd Cir. 1987);

(j) any and all evidence concerning the Defendant which is arguably relevant to a downward departure or reduced guideline level, including but not limited to, information regarding U.S. Sentencing Commission, Guidelines Manual, section 3E1.1, Acceptance of Responsibility;

(k) any and all evidence concerning the Defendant which is arguably relevant to a downward departure or reduced guideline level, including but not limited to, information regarding U.S. Sentencing Commission, Guidelines Manual, section 5K1.1, Substantial Assistance;

(l) any and all evidence concerning the Defendant which is arguably relevant to a downward departure or reduced guideline level, including but not limited to, information regarding U.S. Sentencing Commission, Guidelines Manual, section 5K2.10, Victim's Conduct;

(m) any and all evidence concerning the Defendant which is arguably relevant to a downward departure or reduced guideline level, including but not limited to, information regarding U.S. Sentencing Commission, Guidelines Manual, section 5K2.11, Lesser Harms;

(n) any and all evidence concerning the Defendant which is arguably relevant to a downward departure or reduced guideline level, including but not limited to, information regarding U.S. Sentencing Commission, Guidelines Manual, section 5K2.12, Coercion and Duress;

(o) any and all evidence concerning the Defendant which is arguably relevant to a downward departure or reduced guideline level, including but not limited to, information regarding U.S. Sentencing Commission, Guidelines Manual, section 5K2.13, Diminished Capacity;

(p) any and all evidence concerning the Defendant which is arguably relevant to a downward departure or reduced guideline level, whether specified as an enumerated consideration in the Guidelines Manual, or whether consisting of circumstances not considered by the guidelines.

**WHEREFORE**, the Defendant respectfully shows the Court that all discovery requested herein is essential to the preparation of his defense, as mandated by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and is material to his defense and preparation for hearings, any pending pretrial motions, and the trial of this case. The discovery requested is not made for purposes of delay and should pose no undue burden on the government. It is made and is necessary for the Defendant to prepare for motions, hearings, and the trial of this case. Defendant further prays that this Court enter an order granting all discovery requested in this motion; that the Defendant be allowed to supplement and amend the discovery requests as the disclosure of information provides further basis for relief; that the Defendant be permitted to file such other motions as may become necessary based upon further disclosure of other information not presently available to the Defendant and that the Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/ Brian J. Rigg

Brian J. Rigg (0038805)
720 South High Street
Columbus, OH 43206
614-425-0170
brigg@breezelineohio.net

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

/s/ Brian J. Rigg 0038805

Damoun Delaviz

Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715